UNITED STATAS BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

IN RE:

    JEFFREY M. SISKIND,                           Case No. 13-13096-PGH

        Debtor.                                            Chapter 11
_____/

JEFFREY M. SISKIND,

      Plaintiff,

v.                                                Adv. No. _____

VAROUJAN KHOROZIAN a/k/a JAN
KHOROZIAN a/k/a JOHN KHOROZIAN,

and

ANGELA KHOROZIAN a/k/a AIDA
KHOROZIAN a/k/a IDA KHOROZIAN,

and

TERESA SANTALUCIA,

And

BELMAR WINDS, INC.,

      Defendants.
_____/

**ADVERSARY COMPLAINT FOR ACTUAL AND PUNITIVE DAMAGES DUE TO INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS AND FOR REFERRAL OF FALSE CLAIM BY U.S. TRUSTEE TO UNITED STATES ATTORNEY FOR PROSECUTION**

        COMES NOW Debtor, by and through undersigned counsel, and sues Varoujan Khorozian a/k/a Jan Khorozian a/k/a John Khorozian (hereinafter "Varoujan") and Angela Khorozian a/k/a Aida Santalucia a/k/a Ida Khorozian (hereinafter "Anida"), two individuals who, in their individual names and by means of said aliases, conspired together with Teresa Santalucia to defraud Debtor by asserting a baseless proof of claim on behalf of Belmar Winds, Inc. by means of perjury, which intentionally caused Debtor emotional distress, and states:

1. On April 30, 2015, Teresa Santalucia filed a barebones proof of claim (Claim No. 20) in Debtor's bankruptcy case which alleged "improper utilization of trust funds" of $789,560 on behalf of Teresa's company, Belmar Winds, Inc.

2. Subsequently, Teresa obtained counsel, Brain McMahon, who supplemented Teresa's proof of claim with the filing of a complaint which Teresa (on behalf of Belmar Winds, Inc.) filed in the Fifteenth Judicial Circuit Court of Florida, which complaint alleged that Debtor utilized funds from the closing of a real property sale without Teresa's authorization.

3. Teresa's misappropriation claim was made despite the signing of an authorization by Teresa to enable Debtor to expend $250,000 of the closing proceeds on behalf of Metropolitan Air, Inc.

4. Teresa's misappropriation claim was made despite the review prior to the 2004 closing of all proposed closing documents by her son-in-law, Varoujan.

5. Varoujan and Aida, despite their claims to the contrary, make all decisions regarding the operation and management of Belmar Winds, Inc.

6. As proof, funds which would otherwise be due to Belmar Winds, Inc. were over the course of this matter instructed to be sent to other entities controlled by Varoujan and Anida, such as Global Asset Capital.

7. Notwithstanding, Belmar is the alter ego of Teresa, Varoujan and Anida who, together, utilized the entity to defraud Debtor by filing an unsubstantiable proof of claim.

8. By filing said proof of claim, Varoujan, Anida and Teresa knew or should have known that Debtor would suffer emotional distress, inasmuch as the claim made was directed at Debtor's reputation as a practicing attorney.

9. Despite being unsubstantiable, the filing of the proof of claim has indeed caused

Debtor to suffer anxiety, sleeplessness and loss of quality of Debtor's professional and personal life.

10. In addition to the allegation of misappropriation, Teresa, Varoujan and Aida conspired together to falsely allege that Debtor had agreed to pay interest on funds from the closing which Teresa authorized Debtor to provide for Metropolitan Air, Inc., and that Debtor had hoped that an agreement to pay interest would forestall any collection efforts.

11. The interest payment allegation is not based upon any promise contained within a written document which ever was or is binding upon the Debtor; it is indeed a total fabrication as it pertains to Debtor.

12. The 11th Circuit permits recovery of damages for emotional distress caused by violations of the automatic stay.  11 U.S.C. § 362 provides in pertinent part that "[a]n individual injured by any willful violation of a stay … shall recover actual damages, including costs and attorney's' fees, and, in appropriate circumstances, may recover punitive damages."

13. It is consistent with the intent of the bankruptcy code, which penalizes creditors who violate protections afforded to debtors, to permit actual and punitive damages to be chargeable against creditors whose activities are intentionally designed to harm debtors.

14. Varoujan, Anida and Teresa's filing of her baseless proof of claim amounts to perjury and is a false claim because it was presented in a filed bankruptcy case, is false as to a material matter, and was known to be false by persons who acted knowlingly and fraudulently.

15. Pursuant to 18 U.S.C. § 152(4), "A person who … knowingly and fraudulently presents any false claim for proof against the estate of a debtor … in a personal capacity or as or through an agent, proxy, or attorney; … shall be fined … imprisoned …, or both."

16. Debtor requests that the Court require the U.S. Trustee to refer the matter of the

filing of a baseless claim by Varoujan, Anida and Teresa to the bankruptcy crimes division of the U.S. Attorney's Office for further investigation and prosecution.

WHEREFORE, Debtor requests that this Court find that Varoujan Khorozian (a/k/a Jan or John), Angela Khorozian (a/k/a Aida Santalucia) and Teresa Santalucia conspired to assert a baseless proof of claim and be found liable to Debtor for actual and punitive damages for the intentional infliction of emotional distress by the filing of said claim, and that the U.S. Trustee be instructed to refer the matter of the filing of the false proof of claim by said individuals to the Office of the United States Attorney for prosecution under 18 U.S.C. § 152(4).

**SISKIND LEGAL GROUP**

___*/s/ Jeffrey M. Siskind*___
Jeffrey M. Siskind, Esquire
FBN 138746
*Counsel for Debtor*
525 S. Flagler Drive, Ste. 500
West Palm Beach, FL  33401
TEL    (561) 791-9565
FAX    (561) 791-9581
Email: jeffsiskind@msn.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true copy of the foregoing adversary complaint was served upon counsel for Belmar Winds, Inc., as alter ego of Teresa Santalucia, Varouujan Khorizian and Angels Khorozian and all appropriate parties this 6th day of July, 2017 by first class U.S. Mail, email and CM/ECF.

___*/s/ Jeffrey M. Siskind*___
Jeffrey M. Siskind, Esquire
FBN 138746